Law Offices of Jason A. Steinberger, LLC
(JAS 6249)
Attorney for Plaintiff
910 Grand Concourse, Suite 1C
Bronx, NY 10451
(718)585-2833

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MARVYN DAWSON

                Plaintiff                            13 CIV 05956

           -against-                       AMENDED COMPLAINT
                                                    WITH JURY DEMAND
CITY OF NEW YORK, RAYMOND KELLY, POLICE
COMMISSIONER OF THE NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE OFFICERS
JOHN DOES (names and shield numbers of whom are
presently unknown) and other unidentified members of
THE NEW YORK CITY POLICE DEPARTMENT


                Defendants
-----------------------------------------------------------------------X

Plaintiff, by and through his attorney, JASON A. STEINBERGER, Esq, for his complaint, alleges upon information and belief as follows:

## INTRODUCTION

1.     Plaintiff MARVYN DAWSON brings this action against the City of New York, New York City Police Department and Police Officers John Doe of the New York City Police Department for damages arising from violation of Plaintiffs civil rights under color of state action, Plaintiff's false arrest, false imprisonment, and other unconstitutional policies and actions, and common law negligence claims arising out of an unlawful arrest, detention and imprisonment by police on March 11, 2012.

## BASIS FOR JURISDICTION

2. Plaintiff brings this action against Defendants to redress the deprivation of rights secured him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. sec. 1983, and the common law.

3. Plaintiff is a citizen of New York. Each Defendant is, upon information and belief, a citizen or entity of New York State. The amount in controversy, exclusive of interest, costs, and fees, exceeds $100,000.00.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1332, and 1343(a)(3) and 42 U.S.C. sec.1983.

5. Plaintiff also invokes supplemental jurisdiction of this Court over Plaintiff's state claims against the Defendants for common law violations pursuant to 28 U.S.C sec. 1367 as the common law claims form part of the same case or controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. sec.1391.

## PARTIES:

7. Plaintiff MARVYN DAWSON: The Plaintiff is a resident of the State of New York.

8. Defendant CITY OF NEW YORK: The Defendant is a municipal corporation organized and existing under the laws of the State of New York, with a principal place of business located at 1 Centre Street, New York, New York.

9. Defendant NEW YORK CITY POLICE DEPARTMENT: The Defendant department is an agency created and maintained by the above municipal government.

10. RAYMOND KELLY ("KELLY") was the Police Commissioner of the New York City Police Department from January 2002 until January 2014, and was acting in such capacity at all times relevant herein. He is sued in his official capacity.

11. Defendant NEW YORK CITY POLICE OFFICERS JOHN DOES (names and shield numbers of whom are presently unknown) and other unidentified members of THE NEW YORK CITY POLICE DEPARTMENT (the "Individual Defendants") are and were at all times relevant herein, officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT. The Individual Defendants are being sued herein in their in their individual and official capacities.

12. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of The New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them as officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT.

## NOTICE OF CLAIM

13. On or about April 2, 2012 notice required by Municipal Law 50-E was given to the City of New York and New York City Police Department, by personal service. Said notice set forth the facts underlying Plaintiff's claim against the City of New York, and its agents and

employees. To date, no answer has been received by Plaintiff and no compensation has been offered by the City of New York or New York City Police Department.

14. On or about May 14, 2012 a hearing required by Municipal Law 50-H was conducted. At said hearing, Plaintiff testified and set forth the facts underlying Plaintiff's claim against the City of New York and its agents and employees. To date, no answer has been received by Plaintiff and no compensation has been offered by the City of New York in response to this claim, and more than thirty (30) days have elapsed.

15. The events upon which this action is based occurred on and between March 11, 2012 and March 19, 2012.

## STATEMENT OF FACTS

16. On March 10, 2012 at approximately 3:00PM in Kings County, Plaintiff was shot three times in the back wherein he was removed and treated at Brookdale Hospital located at One Brookdale Plaza, Brooklyn, NY 11212 in Kings County.

17. On March 10, 2012 Plaintiff received surgery as treatment for the injuries sustained as a result of the aforementioned shooting and was given a sedative before said surgery.

18. At no time prior to receiving surgery was Plaintiff handcuffed by any member of the New York City Police Department.

19. On March 11, 2012 at approximately 2:00AM inside of Brookdale Hospital, Plaintiff awoke from his surgery and while conscious observed that his left wrist was handcuffed to the bedrail of his hospital bed.

20. That Plaintiff was informed by NEW YORK CITY POLICE OFFICER JOHN DOE, the officer who was with Plaintiff when he awoke from surgery, that Plaintiff had a warrant for his arrest for his failure to appear in court on docket number 2011KN065588 on August 15, 2011.

21. That the warrant, alleged by NEW YORK CITY POLICE OFFICER JOHN DOE to have existed for Plaintiff, contained Plaintiff's name, photo, date of birth and the docket number, 2011KN065588.

22. That docket number 2011KN065588 was not a case that belonged to Plaintiff.

23. That NEW YORK CITY POLICE OFFICER JOHN DOE, the officer who was with Plaintiff when he awoke from surgery failed look up whether docket number 2011KN065588 belonged to Plaintiff.

24. That Plaintiff informed NEW YORK CITY POLICE OFFICER JOHN DOE, the officer who was with Plaintiff when he awoke from surgery that there could not be a warrant because Plaintiff's only arrest from June 7, 2011 was non-processed by the Kings County District Attorney's Office.

25. That NEW YORK CITY POLICE OFFICER JOHN DOE, the officer who was with Plaintiff when he awoke from surgery failed to investigate the information provided by Plaintiff.

26. That on June 7, 2011, Plaintiff was arrested under arrest number K11655504, but that the prosecution was declined by the Kings County District Attorney's Office.

27. That as a result of the decline to prosecute Plaintiff's arrest, his arrest was nullified and he was not required to appear in court.

28. That on July 6, 2012, an individual named Oscar Roberto was arrested, under arrest number K11665540 by New York City Police Officer, Lamonte Davis of the 77 precinct for violating Criminal Possession of Marijuana in the Fifth Degree, Penal Law section 221.10 and that Oscar Roberto was issued a Desk Appearance Ticket requiring that he return to court on August 15, 2011.

29. That Oscar Roberto failed to appear on August 15, 2011 and a warrant for his arrest was issued under docket 2011KN065588.

30. That Plaintiff remained handcuffed to bedrail of his bed at Brookdale Hosptial from March 11, 2012 at approximately 2:00AM until March 19, 2012 at approximately 9:00AM.

31. That after Plaintiff was removed from his bed on March 19, 2012, at 9:00AM he was handcuffed to a wheelchair inside of Brookdale Hospital for several hours.

32. That after Plainiff placed into a wheelchair and handcuffed for several hours at Brookdale Hospital, Plaintiff was transported, while handcuffed to the 73 precinct of the New York City Police Department.

33. That Plaintiff remained in the 73 police precinct for several hours before being removed to Central Booking located inside of the Kings County Criminal Court, 120 Schermerhorn Street, Kings County.

34. That at approximately 9:30PM on March 19, 2012, Plaintiff was released from inside of Kings County Criminal Court.

35. That the actions of NEW YORK CITY POLICE OFFICER JOHN DOES, the police officers who supervised Marvyn Dawson while he was arrested, detained at Brookdale Hospital, transported from Brookdale Hospital to the 73 police precinct and from the 73 police

precinct to Kings County Central Booking constituted unreasonable deprivation of liberty without due process of law.

36. Upon information and belief, the City of New York, New York City Police Department and KELLY permitted and tolerated the unreasonable detention and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiff.

37. As of the date of this incident, defendant KELLY has failed to implement procedures which were known to defendants that would have eliminated the policy of simply relying on a person's name and date of birth in determining whether a warrant did or did not belong to a person in police custody.

38. As of the date of this incident, defendant CITY OF NEW YORK has failed to implement procedures which were known to defendants that would have eliminated the policy of simply relying on a person's name and date of birth in determining whether a warrant did or did not belong to a person in police custody.

39. Defendants' failure to take such measures, was and is unreasonable conduct and violative of Plaintiff's civil rights as guaranteed by the New York State and United States Constitution.

40. The actions and conduct herein arose from a policy, practice and/or custom in which Defendants, THE CITY OF NEW YORK and KELLY knew that the manner in which officers under their control and tutelage were violating citizens' rights in a wholesale fashion in increasing frequency.

41. The actions and conduct herein further arose from a policy, practice and/or custom, in which defendants, THE CITY OF NEW YORK and KELLY failed and refused to properly train and supervise police officers with regard to the manner in which they restrict the

liberty of law abiding citizens.

42. The violation of Plaintiff's civil rights was far in excess of their rightful authority as NEW YORK CITY POLICE OFFICERS. Those violations on Plaintiff were made without proper cause.

43. The false arrest, false imprisonment and humiliation and embarrassment of plaintiff by defendants caused plaintiff to sustain pain and suffering and psychological and emotional trauma.

44. The false arrest, false imprisonment and deprivation of liberty, while Plaintiff was handcuffed to his bedrail inside of Brookdale Hospital, caused Plaintiff to suffer great physical pain from which he became sick, sore, lame and disabled and so remained for a considerable length of time.

## AS AND FOR A FIRST CAUSE OF ACTION

45. Plaintiff repeats all allegations contained in paragraphs "1" through "44" inclusive with the same force and effect as though more fully set forth herein again at length.

46. The defendant's actions as alleged herein were committed under color of law.

47. The actions, conduct and policies, practices and/or customs of defendants as alleged herein violated plaintiff's rights to be free of an unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution and to be free of a deprivation of liberty under the Fourteenth Amendment to the United states Constitution and the Civil Rights act of 1871, Title 42 U.S.C. §1983.

48. As a result of the acts alleged herein, plaintiff has been damaged in a sum of not less than One Million ($1,000,000.00) Dollars..

## AS AND FOR A SECOND CAUSE OF ACTION

49. Plaintiff repeats all allegations contained in paragraphs "1" through "48" inclusive with the same force and effect as though more fully set forth herein again at length.

50. Defendants, their agents, servants and employees were reckless, incompetent, and negligent and acted unreasonably and in bad faith in their unlawful detention and seizure of Plaintiff.

51. Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

52. As a result of defendants' actions, plaintiff has been damaged in a sum of not less than One Million ($1,000,000.00) Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION

53. Plaintiff repeats all allegations contained in paragraphs "1" through "52" inclusive with the same force and effect as though more fully set forth herein again at length.

54. Defendants' acts in the touching and restraint of plaintiff were willful and malicious with the intent of causing or threatening to cause plaintiffs bodily harm.

55. Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

56. As a result of defendants' actions, plaintiff has been damaged in a sum of not less than One Million ($1,000,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION

57. Plaintiff repeats all allegations contained in paragraphs "1" through "56" inclusive with the same force and effect as though more fully set forth herein again at length.

58. During the course of defendants' actions, Defendants intentionally and maliciously forcibly restrained and detained plaintiff and prevented his form moving of his own free will.

59. Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

60. As a result of defendants' actions, plaintiff has been damaged in a sum of not less than One Million ($1,000,000.00) Dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION

61. Plaintiff repeats all allegations contained in paragraphs "1" through "60" inclusive with the same force and effect as though more fully set forth herein again at length.

62. THE CITY OF NEW YORK and its employees, servants and/or agents acting within the scope of their employment did negligently hire, train and supervised defendants POLICE OFFICER "SHISELLI" SHIELD NO.: 11840 OF THE 44TH POLICE PRECINCT, NEW YORK CITY POLICE OFFICERS JOHN DOES (names and shield numbers of whom are presently unknown) and other unidentified members of THE NEW YORK CITY POLICE DEPARTMENT, who were unfit for the performance of police duties on and between March 11, 2012 and March 19, 2012.

63. Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction

to hear and adjudicate such claims.

64. As a result of defendants' actions, plaintiff has been damaged in a sum of not less than One Million ($1,000,000.00) Dollars.

## JURY DEMAND

65. Plaintiff hereby demands trial by jury of all issues properly tribal thereby.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

1. This Court issue a declaration that defendants have violated the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights act of 1871, Title U.S.C. §1983; and

2. That the jury finds and the Court adjudge and decree that Plaintiff, MARVYN DAWSON, shall recover compensatory damages in the sum of not less than One Million ($1,000,000.00) Dollars against all defendants jointly and severally.

3. Order the defendants to pay costs and attorney's fees pursuant to 42 U.S.C. §1983; and

4. Require the Defendants to pay Plaintiff punitive damages; and

5.	Order any other relief the Court deems appropriate.


Dated:  May 1, 2014

                                              Law Offices of Jason A. Steinberger, LLC

                                              _____
Jason A. Steinberger, Esq.
(JAS 1019)
Attorney for Plaintiff
MARVYN DAWSON
910 Grand Concourse, Suite 1C
Bronx, NY 10451
(718) 585-2833

Case Number: 13 CIV 05956
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARVYN DAWSON
        Plaintiff

-against-

CITY OF NEW YORK, RAYMOND KELLY, POLICE COMMISSIONER OF THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFICER JOHN DOES (names and shield numbers of whom are presently unknown) and other unidentified members of THE NEW YORK CITY POLICE DEPARTMENT.
        Defendant.

---

## AMENDED COMPLAINT

---

LAW OFFICES OF JASON A. STEINBERGER, LLC
910 Grand Concourse, Suite 1C
Bronx, NY 10451

---

To:
Attorney (s) for Defendant(s)

---

Service of a copy of the within                         is hereby admitted.

Dated:
                                              _____
                                              Attorney(s) for

---

**PLEASE TAKE NOTICE**
☐         that the within is a (certified) true copy of
☐         entered in the office of the clerk of the within named Court on
**NOTICE**
**OF ENTRY**

☐         that an Order of which the within is a true copy will be presented for settlement to the Hon.
**NOTICE OF**         once of the Judges of the within named Court,
**SETTLEMENT** at
        on                       200    , at         m.

Dated:
                                    JASON A. STEINBERGER, ESQ.
                                    910 Grand Concourse, Suite 1C
                                    Bronx, NY 10451

To:
Attorney(s) for