```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED: 10/08/2014           │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                           :

MARVYN DAWSON,                  :
                          :

            Plaintiff,         :           13-CV-5956 (JMF)
                          :

      -v-                  :    MEMORANDUM OPINION
                          :       AND ORDER

CITY OF NEW YORK et al.,     :
                          :

           Defendants.     :
                          :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Marvyn Dawson brings this action against the City of New York and members

of the New York City Police Department ("NYPD"),[1] pursuant to Title 42, United States Code,

Section 1983, alleging false arrest and false imprisonment.  Plaintiff also brings common law tort

claims arising out of the alleged unlawful arrest and detention.  Defendants move to dismiss the

Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Docket

No. 12).  For the reasons stated below, their motion is GRANTED.

## BACKGROUND

The facts relevant to this motion, taken from the Amended Complaint and assumed to be

true, *see, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009), can

be stated briefly.  On March 10, 2012, at approximately 3:00 p.m., Plaintiff was shot three times

in the back, after which he was treated at Brookdale Hospital in Kings County, New York.  (Am.

---

[1]      The NYPD is identified in the body of the Amended Complaint as a defendant (Am. Compl. ¶ 1), but is not listed in the caption or referenced in Plaintiff's memorandum of law.  In any event, to the extent Plaintiff brings claims against the NYPD, those claims are dismissed as the NYPD is a non-suable entity.  *See, e.g.*, *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also* N.Y.C. Charter § 396.

Compl. (Docket No. 11) ¶ 16).  When Plaintiff awoke from surgery at approximately 2:00 a.m.

the next day, his left wrist was handcuffed to the bedrail of his hospital bed; an NYPD Officer

informed him that he was under arrest for failure to appear in court.  (*Id.* ¶¶ 19, 20).  The warrant

pursuant to which the officer arrested Plaintiff featured Plaintiff's name, photograph, and date of

birth.  (*Id.* ¶ 21).  As it turns out, however, the docket number listed on the warrant,

2011KN065588, had no connection to Plaintiff.  (*Id.* ¶ 22).

The arresting officer did not look up the docket number, even though Plaintiff insisted

that "there could not be a warrant" for his arrest.  (*Id.* ¶¶ 23-24).  On March 19, 2012, at

approximately 9:00 a.m., Plaintiff was removed from his hospital bed, handcuffed to a

wheelchair, and transported to the 73rd Precinct of the NYPD, where he remained for several

hours before being removed to Central Booking inside of the Kings County Criminal Court.  (*Id.*

¶¶ 31-33).  At approximately 9:30 p.m. that day, Plaintiff was released, presumably after it was

revealed that the warrant bore Plaintiff's information in error.  (*Id.* ¶ 34).

## DISCUSSION

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the

factual allegations set forth in the complaint as true and draw all reasonable inferences in favor

of the plaintiff.  *See, e.g., Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).  To survive

such a motion, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on

its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (citing *Twombly*, 550 U.S. at 556).  More specifically, the plaintiff must allege sufficient

facts to show "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

Applying those standards here, Plaintiff's federal claims must be dismissed.  It is well established that probable cause to arrest is a complete defense to a claim of false arrest or false imprisonment.  *See, e.g.*, *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014); *see Pierson v. Ray*, 386 U.S. 547, 557 (1967) (extending the defense of good faith and probable cause, available to officers in common-law actions for false arrest and imprisonment, to actions under Section 1983).  It is equally well established that a facially valid arrest warrant provides such probable cause, even if the warrant later turns out to be erroneous, invalid, or mistaken in some way.  *See, e.g.*, *United States v. Miller*, 265 F. App'x 5, 7 (2d Cir. 2008) (summary order); *United States v. Santa*, 180 F.3d 20, 27 (2d Cir. 1999); *see also, e.g.*, *Martinez v. City of New York*, 340 F. App'x 700, 701-02 (2d Cir. 2009) (summary order) (holding that an arrest warrant for an individual with the plaintiff's name and birthdate provided probable cause, even though the physical description in the warrant differed in skin tone, height, and weight from the plaintiff's physical appearance); *Brown v. City of New York*, No. 10-CV-5229 (ENV) (ALC), 2013 WL 3245214, at *9 (E.D.N.Y. June 26, 2013) (holding that an arrest warrant with the plaintiff's name, Federal Bureau of Investigation number, and Social Security number provided probable cause for arrest in the case of mistaken identity); *Vasquez v. McPherson*, 285 F. Supp. 2d 334, 341 (S.D.N.Y. 2003) (same with respect to a warrant containing a matching name, description, and birthdate).

Those principles are fatal to Plaintiff's federal claims.  As noted, the arrest warrant pursuant to which Plaintiff was arrested bore *his* name, *his* birthdate, and *his* photograph, and Plaintiff makes no allegation that the warrant was facially invalid.  Given that, it was entirely reasonable for the arresting officer to believe that Plaintiff was the person sought in the warrant.  In fact, the case for probable cause here is even stronger than it was in *Martinez*, where the Second Circuit held that probable cause was provided by a warrant for an individual with the

same name and birthdate as the plaintiff, even though "the physical description in the

outstanding warrant differed in skin tone, height, and weight from plaintiff's physical

appearance." 340 F. App'x at 701. Here, there was *nothing* on the face of the warrant that

would have given a reasonable officer pause in believing that Plaintiff was the person wanted.

The fact that that turned out to be wrong does not vitiate probable cause. *See Santa*, 180 F.3d at

27. Nor does the fact that the arresting officer might have learned of the mistake by checking the

docket number on the warrant or investigating Plaintiff's claim of mistaken identity. *See, e.g.*,

*Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) (holding that an arresting officer is not required

to investigate a claim of innocence, even where it is based on mistaken identity); *see also*

*Martinez*, 340 F. App'x at 702 ("Although the officers arguably could have fingerprinted

plaintiff, or otherwise investigated his claim of mistaken identity, they were not constitutionally

required to do so."). Accordingly, Plaintiff's federal claims must be and are dismissed.[2]

Although the Amended Complaint includes state-law claims as well, Plaintiff appears to

have abandoned those claims insofar as he does not oppose Defendant's motion to dismiss them.

*See, e.g.*, *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, No. 08-CV-442 (TPG)

(FM), 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage . . . ,

a plaintiff abandons a claim by failing to address the defendant's arguments in support of

---

[2]      Because Plaintiff fails to state a claim that Defendants violated his constitutional rights,
the Court need not, and does not, address Defendants' arguments regarding municipal liability,
qualified immunity, and the personal involvement of Defendant Raymond Kelly. *See Kelsey v.
Cnty. of Schoharie*, 567 F.3d 54, 62 (2d Cir. 2009) ("When the facts, viewed in light most
favorable to the plaintiff, do not demonstrate that an officer's conduct violated a constitutional
right, the court need not further pursue the qualified immunity inquiry."); *Blyden v. Mancusi*, 186
F.3d 252, 265 (2d Cir. 1999) ("Of course, for a supervisor to be liable under Section 1983, there
must have been an underlying constitutional deprivation."); *Alsaifullah v. Furco*, No. 12-CV-
2907 (ER), 2013 WL 3972514, at *19 n. 9 (S.D.N.Y. Aug. 2, 2013) (declining to address
defendants' arguments regarding personal involvement, supervisory liability, and qualified
immunity because plaintiff failed to state a claim for a deprivation of a federal right).

dismissing that claim").  Even if they were not abandoned, however, Plaintiff 's state-law claims would fail as they are time barred.  Under New York law, an action for claims against a municipality — or, by extension, against a police officer or other individual defendant who would be indemnified by the municipality — must be commenced within one year and ninety days of the event upon which the claim is based.  *See* N.Y. Gen. Mun. Law § 50-i; *see also Regan v. Sullivan*, 557 F.2d 300, 305 (2d Cir. 1977); *Ruggiero v. Phillips*, 739 N.Y.S.2d 797, 799-800 (N.Y. App. Div. 2002).  This is such an action, as the individual defendants are being sued in their capacities as City employees for conduct allegedly committed within the scope of their employment, and there is no allegation that they violated any rule or regulation of the NYPD.  *See* N.Y. Gen. Mun. Law § 50-k(2) (providing that New York City must indemnify its employees if the "employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time").  Plaintiff, however, did not file suit until August 23, 2013, more than one year and ninety days after the March 11, 2012 incident.  (Docket No. 1).  Accordingly, Plaintiff's state-law claims must be dismissed as well.

**CONCLUSION**

For the reasons discussed above, Defendants' motion to dismiss is GRANTED, and the Amended Complaint is dismissed in its entirety.  The Clerk of the Court is directed to terminate Docket No. 12 and to close the case.

SO ORDERED.

Date:   October 8, 2014
        New York, New York

_____
JESSE M. FURMAN
United States District Judge